IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maureen M. Mobley, | ) | |
| | ) | Civil No. 2:09-cv-3019-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Wal-Mart Stores, Inc., and Nicole Rana, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion to remand. Plaintiff filed a complaint in state court alleging negligence on the part of defendants for failure to discover, warn against, or repair the uneven condition of a parking lot surface. Defendants subsequently removed the case to federal court, claiming that plaintiff fraudulently joined Nicole Rana, manager of the Wal-Mart store in Georgetown, to defeat diversity jurisdiction. Plaintiff argues that South Carolina state courts recognize joint and several liability, and as a result, defendant Rana was properly named as a defendant in plaintiff's state lawsuit. For the reasons set forth below, the court grants plaintiff's motion to remand.

## **BACKGROUND**

On October 6, 2009, plaintiff filed a complaint in state court. Plaintiff alleges that on or about April 19, 2007, while she was walking in the Georgetown Wal-Mart parking lot, she stepped on an uneven surface, fell, and sustained injuries. As a patron of the Wal-Mart store, and as an employee of American Greetings, located within the Wal-Mart

1

store, plaintiff claims that she was an invitee at the time of the alleged accident. Plaintiff argues that she suffered injuries "caused by the negligence, carelessness, recklessness, wilfulness, wantonness an[d] gross negligence" of defendants because they failed to construct the parking lot properly, to maintain and repair the parking lot, and to provide warning signs regarding the condition of the parking lot. Compl. ¶ 6. The injuries claimed by plaintiff include, but are not limited to: severe and permanent injuries to her shoulders, back, and legs; a "[s]even (7%) impairment" of both shoulders; aggravated psychological problems; arthritis; loss of earnings; mental anguish; and "[p]ast and future impairment of the ability to enjoy life." Compl. ¶ 7. As a result of these injuries, plaintiff seeks damages and costs, as well as any further relief the court deems appropriate. Plaintiff and defendant Rana are citizens and residents of Georgetown County, South Carolina. Defendant Wal-Mart Stores, Inc., is incorporated under the laws of Arkansas, and its principal place of business is located outside the State of South Carolina.

Defendants filed a notice of removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), claiming that plaintiff fraudulently joined Rana as a "sham defendant" to defeat diversity jurisdiction. Notice of Removal ¶3-4. Defendants support this argument by referring to plaintiff's complaint, which states that Rana was an employee and manager of defendant Wal-Mart Stores, Inc., at the time of the alleged accident, acting within the scope of her employment. Defendants also filed an affidavit of Rana, in which Rana states: "As Store Manager, I do not have the authority to repair or have repairs performed to the store's parking lot." Aff. ¶ 4. Defendants acknowledge that plaintiff's allegations have the potential to exceed $75,000 exclusive of interest and costs.

Plaintiff argues that South Carolina courts recognize joint and several liability, and Rana, as manager of the Wal-Mart store, had a duty to search for and discover, warn against, or repair the allegedly defective parking lot. Plaintiff points out that Rana's affidavit only disclaims her authority to repair the parking lot; it remains silent as to whether she had a duty to search for and discover, or warn customers against, defects in the parking lot. Therefore, plaintiff claims that Rana can be held jointly and severally liable under South Carolina tort law for failing to search for and discover defects, or to warn against such defects. The final logical step in plaintiff's argument is that if Rana can be held jointly and severally liable, she was not fraudulently joined as a defendant, and the court should remand the case to state court.

Defendants' response relies heavily on Benjamin v. Wal-Mart Stores, Inc., et. al., 413 F. Supp. 2d 652 (D.S.C. 2006)—a case decided by the Honorable Patrick Michael Duffy, United States District Judge. Defendants assert that plaintiff has made "no allegations that Defendant Rana exercised control of the premises so as to impose a duty to reasonably inspect the parking lot for the alleged defect that Plaintiff claims caused her fall." Defs.' Resp. 2. Defendants further argue that "'merely being a manager or employee does not evidence a sufficient level of control' such that one would 'have an affirmative duty to maintain safe premises of a store.'" Defs.' Resp. 2 (quoting Benjamin, 413 F. Supp. 2d at 656-57). Defendants claim that plaintiff would not be able to pursue a cause of action against Rana in state court; therefore, her inclusion as a defendant would satisfy the Fourth Circuit test for fraudulent joinder and warrant her dismissal from the case. Defs.' Resp. 2. Defendants also distinguish Benjamin from a

similar case, Cook v. Lowe's Home Ctrs., Inc., No. 5-:06-2130-RBH, 2006 WL 3098773 (D.S.C. October 30, 2006). Defendants emphasize that the Cook court found that the manager of a Lowe's home improvement store was not fraudulently joined as a defendant because he exercised a high level of control over the interior of the store, where the alleged accident took place.

## DISCUSSION

As the party seeking to invoke the court's jurisdiction, defendant has the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151.

Title 28 U.S.C. § 1332(a)(1) grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ." Since the enactment of this statute, the Supreme Court of the United States has "interpreted the diversity statute to require 'complete diversity' of citizenship." Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (internal citation omitted). Thus, diversity jurisdiction exists, "'so long as any two adverse parties are not co-citizens.'" Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 n.3 (1996) (quoting State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 531 (1967)).

To establish fraudulent joinder of a nondiverse defendant,

> the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (quoting Marshall, 6 F.3d at 232-33). "[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Id. (quoting Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)). This court is also required to "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Hartley, 187 F.3d at 425 (quoting Marshall, 6 F.3d at 232). "Further, in determining 'whether attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" Mayes, 198 F.3d at 464 (quoting AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (internal citation and quotation omitted)).

Even though defendants claim that plaintiff has named a "sham defendant" to defeat diversity jurisdiction, defendants do not make any claims of "outright fraud" committed by plaintiff. Thus, the key issue before the court is whether there is any possibility that plaintiff could establish a cause of action against defendant Rana in state

court. If so, the case should be remanded to state court, allowing plaintiff to proceed against both defendants. If not, defendant Rana should be dismissed, and the case against defendant Wal-Mart Stores, Inc., should proceed in federal court.

As mentioned above, two recent District of South Carolina cases tackled this very same issue. In February 2006, Judge Duffy ruled on a motion to remand in the Benjamin case. Benjamin involved a plaintiff who slipped and fell on loose bird seed in the Wal-Mart store in Hardeeville. In state court, the injured plaintiff sued Wal-Mart, the pet department manager, and another Wal-Mart employee who was nearby when the alleged accident took place. The defendants then removed the case, claiming fraudulent joinder of the two Wal-Mart employees by the plaintiff. The court first analyzed whether the Wal-Mart employees owed a legal duty to the injured plaintiff aside from "the duty every person owes to use reasonable care not to inflict foreseeable harm on another." Benjamin, 413 F. Supp. 2d at 655. The court said that,

> whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property.

Id. at 655-56 (citing CJS Negligence § 388).

The court continued, "The South Carolina Supreme Court has never directly held what level of control a department manager or an employee must exercise to be personally liable, in addition to the store owner, for injuries that a customer sustains while in the store." Id. at 656. In a corresponding footnote, the court cited a South Carolina case, Richards v. Great Atlantic & Pacific Tea Co., 83 S.E.2d 917 (S.C. 1954), in which

6

"the manager of a store, as well as the store, was found personally liable after a customer fell over boxes left in the aisle." Id. at 656 n.3. The court concluded the footnote by stating that "[t]he South Carolina Supreme Court did not explain what made the store manager a proper party in this case." Id. The court then held that

> [o]ne does not have an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control of the business. To hold otherwise would expose lower management and hourly employees to burdensome personal liability every time an individual is injured within a store. Such can not be the intent of South Carolina negligence law. The court does not decide what level of control South Carolina law would require to impose such a duty upon an employee; however, the court has no difficulty finding that merely being a manager or employee does not evidence a sufficient level of control.

Id. at 656. After finding that the employees did not exercise sufficient control to impose a legal duty, the court held that there was no possibility of a successful claim against the Wal-Mart employees in state court. The court dismissed the employee-defendants and denied the motion to remand.

In October 2006, the Honorable R. Bryan Harwell, United States District Judge, decided a similar motion to remand in Cook v. Lowe's Home Ctrs., Inc., No. 5-:06-2130-RBH, 2006 WL 3098773 (D.S.C. October 30, 2006). Cook involved a plaintiff who was injured when a fish pond fell on her in the Lowe's store in Orangeburg. The plaintiff filed suit in state court against Lowe's Home Centers, Inc., and the manager of the Lowe's store. Lowe's removed the case to federal court, claiming fraudulent joinder of the store manager by the plaintiff. The court first determined that "South Carolina substantive tort law controls whether Defendant [store manager] is a properly joined

defendant" because the accident occurred in South Carolina. Cook, 2006 WL 3098773 at *2. The court then looked to the language of South Carolina Rule of Civil Procedure 20(a):

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Id. (internal citation omitted). The court held, "As such, this court concurs with the plaintiff's contention that under South Carolina law, Defendant [store manager] is a properly joined defendant." Id.

The court discussed many of the same "legal duty" rules and "control" principles discussed in Benjamin, and the court also discussed the South Carolina Supreme Court's holding regarding joint and several liability in Richards. Judge Harwell held that

> [a]lthough the Supreme Court in *Richards* did not specifically discuss the reason why the store manager could be held jointly liable with the store itself for the negligence, the court recognized the common law rule of joint and several liability. Therefore, this Court finds, under *Richards*, the South Carolina common law of joint and several liability, and the fact that a store manager by virtue of his position has a high level of control over the store, that the store manager in the case at bar is not a sham defendant.

Id. at *4. The court explicitly distinguished Benjamin because Cook's case involved the manager of the Lowe's store, not a department manager within the store, or a lower-level employee. The court subsequently granted the plaintiff's motion to remand.

The case now before the court is factually similar to Cook. Plaintiff Mobley was allegedly injured due to the negligence of defendants Wal-Mart and/or Rana. Defendant Rana is the manager of the Wal-Mart store in Georgetown. She is not a department

8

manager within the store, nor is she a lower-level employee. "[B]y virtue of [her] position," defendant Rana has a "high level of control over the store." Cook, 2006 WL 3098773 at *4. Rana's affidavit merely disavows her authority to make repairs in the parking lot. This clearly leaves open the possibility that she has the authority to search for and discover, or warn customers against, defects in the Wal-Mart store parking lot. The parking lot exists for the purpose of allowing customers to patronize the store. As the court noted during oral argument, if a sinkhole were to form in the parking lot, it seems reasonable that defendant Rana, as store manager, would have a duty to warn customers of such a hazard.

The court finds the reasoning in Cook applicable to the case before the court. The alleged accident involving plaintiff Mobley occurred in South Carolina and is properly governed by South Carolina tort law. The decision in Richards, upholding the South Carolina common law of joint and several liability, leads to the inevitable conclusion that there is a possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court, thereby negating a claim of fraudulent joinder under the Fourth Circuit test. The court is also mindful of the general principle that a federal court should construe removal jurisdiction strictly in favor of state court jurisdiction.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiff's motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 8, 2010**
**Charleston, South Carolina**